ANNE TIMMONS AND JEROME H. TIMMONS, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. JACOB WIGBOLDUS, DEFENDANT-RESPONDENT.

Argued May 19, 1948—Decided September 3, 1948.

For the plaintiffs-appellants, *Manfield G. Amlicke.*

For the defendant-respondent, *John C. Barbour.*

The opinion of the court was delivered by

MCLEAN, J.   This is an appeal from a judgment of nonsuit directed by the court at the Passaic County Circuit in favor of the defendant-respondent, Jacob Wigboldus, amended to read Jacob P. Wigboldus.

Plaintiffs-appellants, Anne Timmons and Jerome H. Timmons, her husband, brought this action against the defendant-respondent, Jacob Wigboldus, claiming that he was the owner and had control of a certain building and premises known as No. 212 Maple Avenue, in the Borough of Wallington, Bergen County, portions of which said building and premises consisted of two flats rented out to various persons as places of abode; that they, the plaintiffs, on or about the 25th day of August, 1943, occupied the second floor flat of the premises

as tenants of the defendant; that defendant retained under his control and possession the entrance to the landing and the stairway leading from the outside of and into the cellar of the premises, and assumed and undertook to keep the stairways, entrance and landing reasonably fit and safe for the use of the tenants; that on or about the aforesaid date the plaintiff Anne Timmons, while using the entrance, landing and stairway leading into the cellar, by reason of its rotten, ruinous, dilapidated and deteriorated condition, was violently thrown forward and caused to be precipitated down the stairway. As a result, she suffered severe injuries and sued for resulting damages, and her husband joined in the suit to recover for the loss of her services and society. The defendant entered a general denial, which placed on the plaintiffs the burden of establishing the ownership of the property in the defendant as alleged in the complaint. It appears from the record and was admitted on the argument that this was the sole issue at the trial.

The first witness called on the part of the plaintiffs was the defendant. He denied ownership of the property. His testimony was that he had owned it, but that sometime prior to the accident he had conveyed it to his son, Jacob Wigboldus. The son, also called as a witness for the plaintiffs testified to the same effect, and the deed making the conveyance, dated January 12th, 1937, recorded January 16th, 1937, was introduced in evidence. Defendant's counsel moved a nonsuit which was granted, on the ground that there was no proof of ownership in the defendant.

Appellants contend that defendant was precluded as a matter of law from moving for a judgment of nonsuit, because in addition to a general denial, he set forth separate defenses in his answer including a defense of contributory negligence; that in so doing he confessed his own negligence and could not argue that he was not the owner of the property. Since separate defenses in an answer are not treated as admissions of the parties, this contention cannot be sustained. Under Supreme Court rule 38 inconsistent defenses in the answer are not objectionable and the permissibility of such inconsistent pleas would prevent the plea of contributory

negligence by the defendant from being evidence in the plaintiff's favor. *Shallcross* v. *West Jersey and Sea Shore Railroad Co.,* 75 *N. J. L.* 395; followed in *Livesey* v. *Besson,* 82 *Id.* 333; approved by this court in *Gross* v. *New York Central Railroad Co.,* 99 *Id.* 414, and *Cleaves* v. *Yeskel,* 104 *Id.* 497. See, also, *Meyer* v. *Nickelsburg,* 37 *N. J. L. J.* 36 (CC).

Appellants further contend that, "it was error for the trial court to refuse to permit the witness, Jacob Wigboldus, son of the defendant, to answer the following question on direct examination: "*Q.* When you lived at 212 Maple Avenue, did you pay rent to your father?" It is argued that the proffered evidence together with the testimony of the plaintiffs that they paid rent to the defendant; that they saw his son pay rent to him and that when his son moved out of the premises he left the keys with them to be delivered to his father, showed control over the premises by him and was sufficient evidence from which the jury could determine that he, the defendant, was the owner. The trial court held this evidence to be immaterial and directed the nonsuit on the basis of the recorded deed. Our examination of the record leads to the conclusion that the action of the trial court was proper. A deed is "evidential as to the date of the acknowledgment, and as to the contents of the instrument itself, and must be accepted unless there is strong evidence to the contrary." *Depew* v. *Smith,* 120 *N. J. Eq.* 285; *Durant* v. *Bacot,* 15 *Id.* 411.

The deed established ownership in a person other than the defendant. An essential allegation in the complaint—that of ownership of the property—was not sustained, and it became the obvious duty of the trial court to grant the nonsuit. *Carpenter* v. *Kilburn,* 109 *N. J. L.* 570.

Finding no error in any of the grounds of appeal that have been argued, the judgment of the court below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, BODINE, COLIE, WACHENFELD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 10.

*For reversal*—THE CHANCELLOR, DONGES, HEHER, EASTWOOD, JACOBS, JJ. 5.